The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of decedent Linda Sue Edwards' injury by accident, which resulted in her death, the parties were subject to the provision of the North Carolina Workers' Compensation Act.
2. At the time of decedent's injury on 1 December 1995, an employment relationship existed between decedent and defendant-employer.
3. The carrier on risk at the time of decedent's injury was Old Republic Insurance Company.
4. On 1 December 1995, decedent sustained a compensable injury by accident arising out of and in the course of her employment with defendant-employer, which resulted in her death on that date.
5. Plaintiff's average weekly wage at the time of the compensable injury was $750.64, resulting in a compensation rate of $478.00, the maximum allowed in 1995.
6. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
7. The 30 July 1996 deposition of David A. Edwards is admitted as Stipulated Exhibit Number 1.
8. The 30 July 1996 deposition of Stephanie Sue Turner Tomlinson is admitted as Stipulated Exhibit Number 2.
9. The 1995 Joint Income Tax Return of Linda Sue Edwards and David A. Edwards is admitted as Stipulated Exhibit Number 3.
10. The 1994 Joint Income Tax Return of Linda Sue Edwards and David A. Edwards is admitted as Stipulated Exhibit Number 4.
11. The Death Certificate of Linda Sue Edwards is admitted as Stipulated Exhibit Number 5.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. On 1 December 1995 decedent was a forty-seven year old female employed by defendant-employer as a chemical operator.
2. On 1 December 1995 decedent sustained a compensable injury by accident when she fell down the manlift from the fifth floor to the second floor at the place of business of defendant-employer.
3. The fall resulted in decedent's death on 1 December 1995.
4. At the time of her death, decedent was survived by David Allen Edwards, to whom she was lawfully married at all times from 2 July 1991 through the date of her death on 1 December 1995.
5. Linda Sue Edwards was also survived by her two children by a previous marriage: Christopher A. Turner, a son, born 23 June 1969 and Stephanie Sue Turner, a daughter, born 22 March 1976.
6. Christopher A. Turner was at the age of majority at the time of decedent's death and was not dependent upon decedent for her support.
7. Stephanie Sue Turner lived with decedent at the time of her death, in the home decedent owned prior to her marriage to David Allen Edwards. Stephanie Turner had lived with her mother all her life until her mother's death.
8. Stephanie Sue Turner's mother, the decedent, provided for Stephanie's food, clothing, housing, medical care, insurance, car payments, gasoline and credit card bills. Stephanie Sue Turner's mother also paid for Stephanie's tuition at Brunswick Community College where Stephanie was a full-time student as of August 1994.
9. Stephanie Sue Turner had worked a summer job arranged by the decedent and a minimum wage part-time job as a ticket taker at a local theater on weekends while a full-time college student. She earned only approximately $300.00 within the three months preceding her mother's death. None of this money contributed toward Stephanie Sue Turner's necessities. Any money she earned was used for the care of her horse and entertainment. The decedent had always provided for Stephanie Sue Turner's support, regardless of whether she was working part-time or not.
10. Stephanie Sue Turner was listed as a dependent on the joint 1994 tax return of the decedent and David Edwards. Stephanie was not listed as a dependent on the Edwards' 1995 tax return; however, this form was completed after decedent's death on 1 December 1995.
11. Immediately after Linda Sue Edwards' death, relatives of David Edwards stayed at the home he shared with the decedent and Stephanie. Stephanie Sue Turner stayed at the home of her boyfriend's parents during this time. Approximately two days after the funeral, David Edwards changed the locks on the home he had shared with decedent and Stephanie, the same home which had belonged to the decedent prior to her death. Mr. Edwards never provided Stephanie Turner with a key.
12. At the time of the hearing Stephanie Sue Turner was still locked out of the home she had lived in with her mother, the decedent, by David Edwards. Ninety percent (90%) of Stephanie Sue Turner's personal belongings were still locked up in the home at the time of the hearing before the Deputy Commissioner.
13. Stephanie Sue Turner withdrew from college shortly after decedent's death because her mother, now deceased, had paid the tuition.
14. Stephanie Sue Turner was wholly dependent on decedent at the time of her death on 1 December 1995 and for the three months preceding decedent's death.
15. Defendants paid for decedent's funeral expenses.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. David Allen Edwards became the widower of decedent at the time of her death on 1 December 1995. Accordingly, David Edwards is presumed to be wholly dependent on the decedent. N.C. Gen. Stat. § 97-38; N.C. Gen. Stat. § 97-39; N.C. Gen. Stat. § 97-2(14).
2. Stephanie Sue Turner was totally dependent for support on the deceased at the time of the compensable injury by accident. Therefore, she is entitled to share and share-alike in compensation at the weekly rate of $478.00, for a period of 400 weeks. N.C. Gen. Stat. §§ 97-38, 97-39.
3. Christopher Turner was not totally dependent for support on the deceased at the time of the compensable injury by accident on 1 December 1995. Accordingly, Christopher Turner is not entitled to share in any compensation. N.C. Gen. Stat. § 97-38; N.C. Gen. Stat. 97-39; N.C. Gen. Stat. 97-2(12).
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation at the weekly rate of $478.00, share and share-alike, to the widower of Linda Sue Edwards, David A. Edwards, and to the decedent's daughter, Stephanie Sue Turner, for a period of 400 weeks. All sums accrued shall be paid in a lump sum, subject to the attorney's fees approved in Paragraphs 2 and 3.
2. A reasonable attorney's fee of twenty-five percent (25%) of the death benefits due to the widower of Linda Sue Edwards, is approved for Mr. Edwards' counsel, David M. Godwin. Such fee shall be deducted from the sum due David Edwards and paid directly to his counsel, David Godwin.
3. A reasonable attorney fee of twenty-five percent (25%) of the death benefits due to the totally dependent daughter of Linda Sue Edwards, Stephanie Sue Turner, is approved for Ms. Turner's counsel, Bruce Jackson, Jr. Such fee shall be deducted from the sum due Stephanie Sue Turner and paid directly to her counsel, Bruce Jackson, Jr.
4. Defendants shall bear the costs.
This the _____ day of June 1997.
 S/ _____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ COY M. VANCE COMMISSIONER
DCS:jmf